JOAN C. MERYHEW, *Appellant*, v. PAUL G. GILLINGHAM,
ET AL, *Respondents*.

*John Kugler, Eileen Mary Galt Lawrence,* and *Burgess,
Fitzer, Leighton & Phillips,* for appellant.

*E. Douglas Pibel* and *Pibel & Marston,* for respondents.

BAKER, C.J. — The Estate of Edith Liebel appeals the dismissal of its claims against attorney Paul G. Gillingham for mishandling the probate of Ms. Liebel's mother's estate (the Sommers estate), violation of the Consumer Protection Act (CPA), disgorgement, and legal malpractice. The trial court dismissed all of these claims, finding them barred by the probate statute of limitation. We affirm in part and reverse in part. All claims regarding Gillingham's probate of the estate are time barred, but the claim for legal malpractice against Gillingham as attorney for Liebel is not controlled by the probate statute of limitation.

## FACTS

Liebel was represented for several years by Gillingham. Gillingham also served as personal representative in the nonintervention probate of the Sommers estate, of which Liebel was the sole beneficiary.

Gillingham filed a declaration of completion of probate of the Sommers estate on September 26, 1989. Liebel subsequently died, and Joan C. Meryhew was appointed personal representative of Liebel's estate. Meryhew filed this action on January 25, 1991.[1]

## I

Meryhew concedes that all actions against a personal representative must be brought prior to discharge. However, she asserts that Gillingham's discharge was void because he failed to comply with his statutory probate duties to inventory and appraise the estate property pursuant to RCW 11.44.015 and .066, and to file a report of the same with the court pursuant to RCW 11.44.025. She argues that the court had no jurisdiction to discharge Gillingham because he failed to comply with these duties.

None of the cases Meryhew cites in support of this argument involves personal representatives in noninterven-

---

[1] Meryhew initially included other claims regarding a sale of property which were dismissed as barred by the 3-year statute of limitation. Other claims regarding a loan and Gillingham's drafting of previous wills for Liebel were referred to mandatory arbitration. Meryhew does not assign error to the court's disposition of these claims.

tion probate proceedings.[2] The Sommers estate was a non-intervention probate. Under the nonintervention probate statute, all interested persons may ask for court approval of any fees and/or request an accounting following the personal representative's filing of a declaration of completion of probate. *See* RCW 11.68.110; *see also In re Estate of Bobbitt*, 60 Wn. App. 630, 632, 806 P.2d 254 (1991). Although notice of such rights was properly given in Gillingham's declaration of completion, no such request was made in this case. As a result, the estate automatically closed 30 days after the declaration was filed and Gillingham was discharged as personal representative by operation of law. *See* RCW 11.68.110. Therefore, pursuant to RCW 11.96.060(2) Meryhew's claims regarding Gillingham's management of the Sommers estate are time barred.

## II

Meryhew also claims Gillingham violated the Consumer Protection Act through his billing practices. Billing and collecting fees is an entrepreneurial aspect of a law practice and may be the subject of a Consumer Protection Act claim. *Eriks v. Denver*, 118 Wn.2d 451, 463, 824 P.2d 1207 (1992); *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984).

However, the billing practices Meryhew refers to were solely fees collected against the Sommers estate.[3] Therefore, this claim is a collateral attack on the estate probate and is barred because the estate is closed. Fraud is the only collateral attack allowed against the probate of an estate which has been closed. *See Farley v. Davis*, 10 Wn.2d 62, 116 P.2d 263, 155 A.L.R. 1302 (1941).

---

[2]*See, e.g., In re Estate of Tuott*, 25 Wn. App. 259, 606 P.2d 706 (1980); *Hesthagen v. Harby*, 78 Wn.2d 934, 481 P.2d 438 (1971); *State ex rel. Patchett v. Superior Court*, 60 Wn.2d 784, 375 P.2d 747 (1962); *Stell Co. v. Smith*, 16 Wn.2d 388, 133 P.2d 811 (1943).

[3]Meryhew argues that Gillingham failed to separate charges owed by Liebel individually from those charged to and paid by the Sommers estate. However, the fact remains that all fees were collected during this period from the estate, and a challenge to those fees is necessarily a challenge to the personal representative's disbursement of the estate.

## III

Meryhew also made a claim for disgorgement of the attorney fees collected from the estate, alleging that Gillingham breached his ethical duty and should not be allowed to retain the fees he collected during that period. A claim for disgorgement is available to a party who is damaged by an attorney's violation of ethical duty. *Eriks*, 118 Wn.2d at 462.[4] Meryhew argues that the trial court erred by not permitting a hearing to determine whether ethical violations had occurred in the probate of the Sommers estate. However, because the fees involved were charged only to the Sommers estate, this claim was also a collateral attack long after the personal representative was discharged. The trial court correctly dismissed the claim.

## IV

Meryhew also alleges legal malpractice, contending Gillingham breached his fiduciary duty to Liebel during the probate of the Sommers estate. The basis of this contention is Gillingham's alleged conflict of interest between his roles as personal representative of the Sommers estate and attorney for Liebel, the sole beneficiary of that estate.

■ Gillingham served as attorney for Liebel on several matters for a period of several years prior to the probate of the Sommers estate. However, it is not clear whether he was independently representing Liebel as beneficiary during the probate. If Meryhew can establish this separate attorney-client relationship and breaches of the duty of care within that context with resultant damages to Liebel, we conclude that the claim would be governed by the 3-year attorney malpractice statute of limitation, RCW 4.16.080, rather than the probate statute of limitation, RCW 11.96.060(2). Even though consideration of the claims of breaches in this context

---

[4]Gillingham's argument that such a reading of *Eriks* would transgress upon the exclusive authority of the Washington State Bar Association and the Washington State Supreme Court in matters of attorney discipline is not well taken. The court in *Eriks* recognized the purview of trial courts to discipline breaches of professional responsibility in order to deter future misconduct. *Eriks*, 118 Wn.2d at 463.

will necessarily involve an evaluation of Gillingham's conduct as personal representative, we emphasize that the malpractice claim is not a vehicle for asserting damages alleged to have resulted to the Sommers estate. Recovery on this cause of action requires proof of a concurrent, independent attorney-client relationship involving representation of Liebel as the beneficiary of the Sommers estate, breaches of the duty of care in that context, and resultant damages to Liebel.[5]

## V

Meryhew also requests fees for this action, citing *Allard v. Pacific Nat'l Bank*, 99 Wn.2d 394, 663 P.2d (1983). The *Allard* court awarded attorney fees to the beneficiary of a trust who brought a successful claim for breach of fiduciary duty against the trustee. However, the *Allard* court awarded attorney fees because the beneficiary's action resulted in a benefit to other beneficiaries. *Allard*, 99 Wn.2d at 407-08; *see also Fred Hutchinson Cancer Research Ctr. v. Holman*, 107 Wn.2d 693, 717, 732 P.2d 974 (1987). *Allard* does not support an award of attorney fees in this case for two reasons. First, Meryhew's only triable claim involves Gillingham's alleged duties to Liebel, not to the Sommers estate. Also, Meryhew is the only person who stands to benefit from the claim as sole beneficiary of the Liebel estate.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

COLEMAN and KENNEDY, JJ., concur.

After modification, further reconsideration denied July 28, 1995.

Review denied at 128 Wn.2d 1012 (1996).

---

[5]Assuming arguendo that Gillingham was serving in a dual role, the role would have involved a conflict of interest only if Gillingham as personal representative was mishandling the Sommers estate. If Gillingham performed his duties as personal representative faithfully, his interests would not have conflicted with that of the sole beneficiary. *Cf. Trask v. Butler*, 123 Wn.2d 835, 844, 872 P.2d 1080 (1994) ("A conflict of interest arises in estate matters whenever the interest of the personal representative is not harmonious with the interest of an heir".). However, it does appear that Gillingham failed to file an inventory of assets within 3 months of his appointment. This inventory filing is required in nonintervention probates. Mark Reutlinger & William C. Oltman, *Washington Law of Wills and Intestate Succession* 381 (1985). It is not clear that this failure resulted in a breach of duty owed separately to Liebel, or whether any damages resulted to Liebel.