

2015 JUL 27 AM 11:35

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

TERRI BLOCK, as guardian of SARAH
BLOCK,

               Appellant,

          v.

THE LAW OFFICES OF BEN F.
BARCUS & ASSOCIATES, PLLC, a
Washington professional limited liability
company; BEN F. BARCUS and JANE
DOE BARCUS, individually and the
marital community comprised thereof;
LEGGETT & KRAM, a Washington
partnership; PETER KRAM and JANE
DOE KRAM, individually and the marital
community comprised thereof,

               Respondents.

No. 71742-1-I

DIVISION ONE

UNPUBLISHED

FILED: July 27, 2015

Cox, J. — Terri Block appeals the summary judgment dismissal of her claims for breach of fiduciary duty and legal malpractice against Ben F. Barcus, Peter Kram, their respective marital communities, and the respective law firms with which each lawyer is associated. Her claims accrued more than three years before she commenced this action. The applicable statutes of limitations were not tolled. And there are no genuine issues of material fact regarding her equitable tolling and estoppel claims. We affirm.

Terri Block brought this action as the guardian of her daughter Sarah Block. Sarah[1] was severely injured in a September 12, 2005 car accident. That same month, Terri entered into a fee agreement with Ben Barcus and his law firm (collectively "Barcus") to represent Sarah in litigation related to her car accident. Later that same month, Terri also entered into a fee agreement with Peter Kram and his law firm (collectively "Kram") to serve as the attorney for Sarah's guardianship. Barcus introduced Kram to Block.

By December 2005, Barcus obtained substantial settlements on Sarah's behalf from uninsured motorist claims against an insurer. In March 2006, the trial court entered an order approving a petition for disbursement of fees from the settlement fund. Early the following month, fees were disbursed to counsel based on this order.

Over seven years later, on May 3, 2013, Block commenced this action. She alleged four main claims. First, she sought to void the 2005 fee agreement with Barcus on the basis that he allegedly breached fiduciary duties to Sarah. Second, she sought a determination of the reasonableness of the attorney fees paid to Barcus in 2006. Third, she sought forfeiture or disgorgement of fees based on alleged misconduct of Barcus and Kram. Fourth, she claimed legal malpractice based on Kram's alleged negligence in representation.

Both Barcus and Kram moved for summary judgment dismissal on statute of limitations grounds. The court granted their motions and dismissed Block's claims in their entirety. The court also denied Block's motion for reconsideration.

Block appeals.

---

[1] Due to the similarity in names, we use first names for clarity.

## STATUTES OF LIMITATIONS

Block argues that the trial court applied the wrong statutes of limitations to her claims. We disagree.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] When reviewing a summary judgment decision, the court looks at the facts in the light most favorable to the non-moving party.[3]

This court reviews de novo a grant of summary judgment.[4] This court also reviews de novo whether a statute of limitations bars a claim.[5]

### Block's First and Third Claims

Block argues that a six-year statute of limitations applies to her first and third claims. She is wrong.

Claims against an attorney for breach of fiduciary duty fall under RCW 4.16.080's three-year statute of limitations.[6]

Block's first and third claims are for breach of fiduciary duty.

---

[2] Camicia v. Howard S. Wright Constr. Co., 179 Wn.2d 684, 693, 317 P.3d 987 (2014).

[3] Ruvalcaba v. Kwang Ho Baek, 175 Wn.2d 1, 6, 282 P.3d 1083 (2012).

[4] Camicia, 179 Wn.2d at 693.

[5] Bennett v. Computer Task Grp., Inc., 112 Wn. App. 102, 106, 47 P.3d 594 (2002).

[6] Meryhew v. Gillingham, 77 Wn. App. 752, 755, 893 P.2d 692 (1995).

Block's complaint labels her first claim as a claim for "voiding the contingency fee agreement" entered into with Barcus.[7] Her complaint alleges that Barcus and Kram owed her fiduciary duties, including duties to disclose conflicts of interests. She alleges that Barcus and Kram violated their "duties of disclosure to [Block] as required by RPC [Rules of Professional Conduct] 1.4 and 1.5."[8] She also alleges that Barcus and Kram violated RPCs 1.7 and 1.8. Based on these violations, Block seeks to void her fee agreement with Barcus.

Because Block's claim is based on alleged violations of fiduciary and ethical duties, it is a claim for breach of fiduciary duty. This court has recognized that a trial court may "properly consider[] the RPCs to determine whether [an attorney] breached his fiduciary duty."[9] But the relevant cause of action is for breach of fiduciary duty, not for violation of the RPCs. The fact that Block seeks voiding of the fee agreement as a remedy does not transform her breach of fiduciary duty claim into something else. Accordingly, the three-year statute of limitations for breach of fiduciary duty applies to this claim.

Block's complaint labels her third claim as one for disgorgement of fees. She alleges that Barcus and Kram violated multiple RPCs, and seeks disgorgement of fees on that basis.

This claim, like Block's first claim, is for a breach of fiduciary duties. "Under Washington law, disgorgement of fees is a *remedy*"—not a cause of

---

[7] Clerk's Papers at 11.

[8] Id. at 12.

[9] Cotton v. Kronenberg, 111 Wn. App. 258, 266, 44 P.3d 878 (2002).

4

action.[10] And it is clear that her cause of action sounds in the alleged breach of fiduciary duties under the RPCs. Thus, Block's characterization of this claim as something other than a remedy is unpersuasive. Because Block seeks disgorgement as "sanctions for breaches of fiduciary duty," the three-year statute of limitations for breach of fiduciary duty applies.

Here, the order approving the disbursement of funds to pay fees was entered in March 2006. That is when these claims accrued for purposes of the three-year statute. Yet, she did not commence this action until May 2013. Thus, Block's claims are barred as untimely.

Block argues that a six-year statute of limitations applies to her first and third claims because they are based on the breach of a written contract. Under RCW 4.16.040(1), parties have six years to commence "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." But this statute does not apply to Block's claims.

This court has stated that RCW 4.16.040 applies to "liabilities which are either expressly stated in a written agreement or which follow by natural and reasonable implication from the promissory language of the agreement, as distinguished from liabilities created by fictional processes of the law or imported into the agreement from some external source."[11]

---

[10] Bertelsen v. Harris, 537 F.3d 1047, 1057 (9th Cir. 2008) (emphasis added).

[11] Davis v. Davis Wright Tremaine, LLP, 103 Wn. App. 638, 651, 14 P.3d 146 (2000) (quoting Bicknell v. Garrett, 1 Wn.2d 564, 570-71, 96 P.2d. 592 (1939)).

In this case, the "contractual terms" that Barcus allegedly violated do not come from the terms of the fee agreement. Rather, as pleaded, they come from an external source—the RPCs.

Block argues that RPC 1.5's prohibition on charging an unreasonable fee is "implied in literally every attorney's fee agreement in Washington."[12] But even if we believed that Block is correct, which we do not, the RPCs would be terms "imported into the agreement from some external source."[13] Thus, a claim for the violations of the RPCs would not fall under the six-year statute of limitations.

Additionally, the RPCs apply to all attorney-client relationships, regardless of whether the attorney and client have a written contract.[14] RCW 4.16.040 applies specifically to claims arising from **written** agreements.[15] For these reasons, this argument is unpersuasive.

Block also argues that her claims were timely under the continuous representation rule. Under this rule, clients' claims against their attorneys are tolled "during the lawyer's representation of the client in the same matter from which the malpractice claim arose."[16] But even if Block's argument were correct, which it is not, her claims would still be untimely under a three-year statute of limitations because more than three years passed between the end of Barcus's

---

[12] Brief of Appellant at 26.

[13] Davis, 103 Wn. App. at 651.

[14] See RPC Scope [17].

[15] RCW 4.16.040.

[16] Janicki Logging & Const. Co. v. Schwabe, Williamson & Wyatt, P.C., 109 Wn. App. 655, 664, 37 P.3d 309 (2001).

representation and when Block commenced her suit. Barcus sent Block a letter withdrawing from her representation on July 29, 2008. Block did not commence her suit until May 2013. Thus, we do not consider this argument any further.

*Block's Second Claim*

Block's second claim is for a "determination of reasonableness of attorney fees under quantum meruit."[17] This claim is dependent upon the voiding of the fee agreement under the Block's first claim. Block alleges that "[w]ith the voiding of the Barcus contingency fee agreement, Barcus' remedy for compensation is under the doctrine of quantum meruit."[18] Because Block's first claim is time-barred, we need not address her request for a determination of reasonable attorney fees.

Additionally, to the extent that Block challenges the reasonableness of Barcus's fees, RCW 4.24.005 bars her claim.

Under RCW 4.24.005, a party has 45 days to challenge the reasonableness of attorney fees in a tort case. That statute reads: "Any party charged with the payment of attorney's fees in any tort action may petition the court not later than forty-five days of receipt of a final billing or accounting for a determination of the reasonableness of that party's attorneys' fees."[19] This court

---

[17] Clerk's Papers at 13.

[18] Id.

[19] RCW 4.24.005.

has held that this statute functions as a 45 day statute of limitations on claims that an attorney charged an unreasonable fee.[20]

In this case, the guardianship court approved the fees Barcus and Kram received in an order entered March 31, 2006. At this time, Barcus presented an accounting of the fees and costs it charged, and the fees it paid to others, including Kram. But Block did not commence this action until May 2013, over seven years later. Thus, she failed to timely challenge the reasonableness of the fees.

*Block's Fourth Claim*

Block argues that the court incorrectly determined that her legal malpractice claim against Kram was barred by the three-year statute of limitations for legal malpractice. We disagree.

"In Washington, the statute of limitations period for a legal malpractice claim is three years."[21] This period begins to run "when the plaintiff has a right to seek legal relief," meaning that the plaintiff "know[s] the facts that give rise to that cause of action."[22]

One element of legal malpractice is an attorney-client relationship.[23]

---

[20] Barrett v. Freise, 119 Wn. App. 823, 848-50, 82 P.3d 1179 (2003).

[21] Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 816, 120 P.3d 605 (2005).

[22] Id. at 816-17.

[23] Schmidt v. Coogan, 181 Wn.2d 661, 665, 335 P.3d 424 (2014).

Generally, the attorney-client relationship ends if the client hires a new attorney.[24]

Here, Block's fourth claim for relief expressly states that it is for legal malpractice. She acknowledges that this claim is subject to a three-year statute of limitations.

It is undisputed that Block replaced Kram with another attorney in 2008. After that point, Kram no longer had an attorney-client relationship with Block. Thus, after that point, Kram could no longer commit legal malpractice. Accordingly, the statute of limitations began to run in November 2008, at the latest. Because Block did not commence this action until 2013, she failed to timely bring this malpractice claim.

Block argues that her claim against Kram was timely for two reasons. First, Block argues that the statute of limitations began to run in February 2012, when Kram filed a declaration in court opposing Block's suit against Barcus. In the alternative, Block argues that the statute of limitations began to run in November 2011, when Kram provided a copy of Block's file to Block's new attorney. Neither argument is persuasive.

Block relies on RPC 1.9 to argue that Kram committed malpractice in 2012. That rule sets forth the duties that lawyers owe to former clients.[25] This argument fails for two reasons.

---

[24] 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 16:29 at 719 (4th ed. 2013).

[25] RPC 1.9.

9

First, Washington's RPCs state that "principles of substantive law external to these Rules determine whether a client-lawyer relationship exists."[26] Thus, Block cannot use an RPC to establish that she still had an attorney-client relationship with Kram. Accordingly, her attorney-client relationship with Kram ended in 2008, when she hired substitute counsel.

Second, our RPCs state that a "[v]iolation of a [RPC] should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached."[27] Thus, Block also cannot rely on a violation of the RPCs as a cause of action against Kram.

Block also argues that the statute of limitations on her claim did not begin to run until November 2011. Block argues that Kram refused to provide Block his file on her case until that date. But Block's citation to the record demonstrates only that he refused to provide her a copy at his expenses, under the terms of their retainer agreement. He offered to allow her to look over the case file or to make a copy at her expenses. Thus, this argument is unpersuasive.

## TOLLING

Block next argues that the statutes of limitations on all of her claims were tolled under various doctrines. We disagree with all of her arguments.

### RCW 4.16.190

Block argues that RCW 4.16.190 indefinitely tolled all four of her claims. We disagree.

---

[26] RPC Scope [17].

[27] Id. at [20].

RCW 4.16.190 tolls statutes of limitations for a person who is "disabled to such a degree that he or she cannot understand the nature of the proceedings." This tolling applies even if the person has a guardian.[28]

But this statute does not apply to actions under TEDRA (the Trust and Estate Dispute Resolution Act) if the person has a guardian. Under TEDRA:

> The tolling provisions of RCW 4.16.190 apply to this chapter [TEDRA] *except* that the running of a statute of limitations under subsection (1) or (2) of this section, or any other applicable statute of limitations for any matter that is the subject of dispute under this chapter, *is not tolled as to an individual who had a guardian ad litem*, limited or general guardian of the estate, or a special representative to represent the person during the probate or dispute resolution proceeding.[29]

Thus, when a person has a guardian ad litem or general guardian, his or her claims are not tolled for matters that are the subject of dispute under TEDRA.

It is undisputed that Sarah is severely disabled. It is also undisputed that a guardian represented her. Thus, if this case is a "matter that is the subject of dispute under" TEDRA, Block's claims, brought on behalf of Sarah, were not tolled. But if the claims did not fall under TEDRA, her claims were tolled, and she timely filed this action, regardless of the statute of limitations. Thus, the dispositive question is whether this matter falls under TEDRA.

---

[28] Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 220, 770 P.2d. 182 (1989).

[29] RCW 11.96A.070(4) (emphasis added).

The purpose of TEDRA "is to set forth generally applicable statutory provisions for the resolution of disputes and other matters involving trusts and estates."[30]

RCW 11.96A.030(2) states that under TEDRA, "'Matter' includes any issue, question, or dispute involving: . . . (c) The determination of any question arising in the administration of an estate or trust." This court has held that "[t]he plain words of this definition of 'matter' make clear the broad scope of this term."[31]

Here, we note that Block's complaint cites TEDRA. She expressly alleges that subject matter jurisdiction exists "under the statutes . . . including but not limited to, RCW 11.96A.020 and 11.96A.040."[32] And we conclude that Block's claims fall under TEDRA's broad definition of "matter."

This case involves the administration of Sarah Block's guardianship estate and special needs trust. Block's complaint alleges that the guardianship court did not properly approve Barcus's fee agreement. It also alleges that the guardian ad litem failed to properly evaluate Barcus's fees. Similarly, the complaint alleges that the guardianship court failed to determine whether Barcus's fees were reasonable. The complaint also

---

[30] RCW 11.96A.010.

[31] In re Estate of Bernard, 182 Wn. App. 692, 722, 332 P.3d 480, review denied, 339 P.3d 634 (2014).

[32] Clerk's Papers at 3.

alleges that Barcus improperly paid himself fees directly from a settlement instead of first placing the funds in Sarah's trust.

Thus, this case involves "question[s] arising in the administration of" Sarah Block's guardianship estate and special needs trust. Accordingly, it is a "matter" under TEDRA's broad definition of that term.

Additionally, Block's complaint cites TEDRA several times. She cites TEDRA as one ground for jurisdiction and venue. And her complaint seeks attorney fees under TEDRA. Thus, while Block now claims that TEDRA does not apply to this case, that claim is inconsistent with her own assertions when she commenced this action.

Block argues that TEDRA's exception to RCW 4.16.190 does not apply to her case for several reasons.

First, Block argues that her case does not fall under TEDRA because she did not allege a cause of action contained in TEDRA's RCW chapter. But as explained earlier, TEDRA has a broad scope, and this case falls within it.

Second, Block argues that no statute of limitations contained in TEDRA controls in this case. Thus, Block argues that TEDRA's tolling exemption does not apply to her case.

But the exemption—RCW 11.96A.070(4)—tolls "any other applicable statute of limitations."[33] This plain language does not limit its application to statutes of limitation contained in TEDRA. Instead, if "any matter" is disputed

---

[33] RCW 11.96A.070(4).

13

under TEDRA, the tolling exception applies to *any* applicable statute of limitations.

Third, Block argues that Sarah was not represented during a probate or dispute resolution proceeding, thus RCW 11.96A.070(4) does not apply. But RCW 11.96A.070(4) applies to "individual[s] who had a guardian ad litem, limited or general guardian of the estate, *or a special representative to represent the person during the probate or dispute resolution proceeding*."[34] Because there is no comma after "special representative," the phrase "to represent the person during the probate or dispute resolution proceeding" modifies only that term.[35] Thus, the tolling exception applies whenever an individual is represented by a guardian ad litem or a general guardian—it is not necessary that the guardian represent the individual in a probate or dispute resolution proceeding.

Block also argues that if TEDRA prevents the tolling of her claims under RCW 4.16.190, then it is unconstitutional. She is mistaken.

Block argues that not tolling her claims would be unconstitutional under article I, section 12 of the Washington constitution. That section prohibits granting "any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to

---

[34] Id. (emphasis added).

[35] Id.

all citizens, or corporations."[36] To support this claim, she relies on Schroeder v. Weighall.[37]

In that case, the supreme court held that an exception to RCW 4.16.190's tolling was unconstitutional. Under the exception at issue, medical malpractice claims were not tolled under RCW 4.16.190.[38] The supreme court held that this tolling exemption "place[d] a disproportionate burden on the child whose parent or guardian lacks the knowledge or incentive to pursue a claim on his or her behalf."[39] The court also noted that it unconstitutionally granted a benefit— limited liability—to medical malpractice defendants.[40]

The present case is distinguishable. First, TEDRA's tolling exception only applies to those "who had a guardian ad litem, limited or general guardian of the estate, or a special representative."[41] Thus, it only applies to those whose interests were represented. Accordingly, unlike Schroeder, the tolling exception does not burden a "particularly vulnerable population."[42]

Second, TEDRA's tolling exception does not benefit any particular class of defendants. In Schroeder, the exception singled out medical malpractice claims,

---

[36] CONST. art. I, § 12.

[37] 179 Wn.2d 566, 316 P.3d 482 (2014).

[38] RCW 4.16.190(2).

[39] Schroeder, 179 Wn.2d at 578-79.

[40] Id. at 573-74.

[41] RCW 11.96A.070(4).

[42] Schroeder, 179 Wn.2d at 577.

while tolling all other claims.[43] Here, in contrast, the tolling exemption applies to all causes of action.

Thus, because TEDRA's tolling exception does not burden a vulnerable population or confer a benefit to a particular group, Block's argument is not persuasive.

In sum, we conclude that TEDRA applies to Block's claims. Accordingly, Block's claims were not tolled under RCW 4.16.190, and the statutes of limitations for her claims have run.

*Equitable Doctrines*

Block argues that she raised genuine questions of material fact whether equitable doctrines tolled her claims. Specifically, she argues that equitable tolling or equitable estoppel may apply in her case, depending on contested facts. We disagree.

"Estoppel is appropriate to prohibit a defendant from raising a statute of limitations defense when a defendant has 'fraudulently or inequitably invited a plaintiff to delay commencing suit until the applicable statute of limitation has expired.'"[44] The three elements of equitable estoppel are: First, "an admission, statement, or act inconsistent with a claim afterward asserted; second, action by another in reasonable reliance on that act, statement, or admission; and third,

---

[43] Id. at 570.

[44] Robinson v. City of Seattle, 119 Wn.2d 34, 82, 830 P.2d 318 (1992) (quoting Del Guzzi Constr. Co. v. Global Northwest, Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986)).

injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission."[45]

Block's allegations fail to establish that she is entitled to equitable estoppel. She does not identify any "admission, statement, or act" of the defendants' that is inconsistent with their current defenses. Additionally, she has not shown reasonable reliance on her part. Accordingly, there are no genuine issues of material fact whether Block is entitled to equitable estoppel.

Block also fails to allege facts indicating that equitable tolling applies in this case. "Equitable tolling is a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed."[46] This doctrine applies only in "narrow circumstances."[47] Equitable tolling requires "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff."[48]

Here, Block alleges that Barcus and Kram acted in bad faith by being "instrumental in getting court orders prohibiting her from [filing suit]." Block refers to a January 2009 order that denied Block's request for the trust to hire an attorney. In December 2008, Block sought to have the trust pay a $10,000 retainer for an attorney to investigate the reasonableness of Barcus's fees. The trustee denied this request. In January 2009, the guardianship court then denied

---

[45] Id.

[46] In re Pers. Restraint of Bonds, 165 Wn.2d 135, 141, 196 P.3d 672 (2008).

[47] Id.

[48] Id.

17

Block's request to overrule the trustee's decision. Barcus appeared at the January 2009 hearing to oppose the trust funding the litigation.

Here, even assuming that the defendants acted in bad faith, Block did not act diligently. Block was aware of the potential issue with Barcus's fees since 2006. In that year, she wrote a letter to Barcus stating that she "w[ould] probably never be at peace with the huge fees [Barcus] require[d]." Block also contacted an attorney about investigating the reasonableness of Barcus's fees in 2008. Yet Block did not commence this action until 2013.

Additionally, although the guardianship court denied Block's request for the trust to fund the litigation against Barcus, the court noted that Block could proceed if she retained counsel without using the trust's funds. Block ultimately did retain counsel at her own expense but not until July 2011. Thus, part of Block's delay in filing the case was her delay in retaining counsel, at her expense. Accordingly, Block did not act with reasonable diligence and is not entitled to equitable tolling of her claims.

We affirm the trial court's summary judgment dismissal of Block's claims.

Cox, J.

WE CONCUR:

Trickey, J