## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

COLLEEN EDWARDS,

Appellant,

v.

PATRICK MULVIHILL,

Respondent.

)
)
)
)
)
)
)
)
)
)

No. 72193-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 27, 2015

TRICKEY, J. — Colleen Edwards, appearing pro se, appeals the trial court's order dismissing her lawsuit brought against her brother, Patrick Mulvihill, as the personal representative of their mother's estate. This is the second lawsuit Edwards has brought against Mulvihill in which she asserts an untimely claim concerning the probate of the estate. The estate was properly closed in 2008 without objection and, thus, Edwards's conversion claim is res judicata. Accordingly, we affirm.

### FACTS

Edwards and Mulvihill's mother died in 2007. The mother's will named Mulvihill as the personal representative of the estate. The will also named Mulvihill as the trustee for a testamentary trust (the Colleen Edwards Trust), which was created for the benefit of Edwards. The estate was properly probated without objection by Edwards. Probate of the estate closed in 2008.

Following the completion of the probate, Edwards, acting pro se, brought suit in 2009 against Mulvihill alleging negligence and breach of professional and fiduciary duties. The complaint sought recovery against Mulvihill in his capacity as personal representative or as a trustee. In September 2010, the trial court granted Mulvihill's motion to dismiss

the lawsuit under CR 12(b) without prejudice. The court found, in part, that all of the allegations related to the probate of the mother's estate, and that these allegations were barred by chapter 11.68 RCW, which absolved Mulvihill of liability as personal representative. Edwards's subsequent appeal to this court was dismissed. The Supreme Court denied Edwards's petition for review.

In December 2011, while the previous lawsuit was pending appeal, Edwards brought this second lawsuit against Mulvihill. Representing herself in the matter, she alleged that Mulvihill unlawfully converted property from the mother's estate for his own use rather than distributing the property to the Colleen Edwards Trust or to Edwards individually.

Mulvihill filed a motion to dismiss on April 21, 2014. The trial court entered an order granting summary judgment. It found that Edwards failed to state a cognizable claim under a theory of conversion in light of the 2008 closing of the probate and the dismissal of the claims brought in her previous lawsuit against Mulvihill. The trial court imposed an award of statutory attorney fees in favor of Mulvihill.

Edwards appeals the order granting summary judgment.

## ANALYSIS

Edwards contends that the trial court erred in dismissing the lawsuit. It appears she asserts that evidence remained establishing that Mulvihill committed conversion by failing to distribute funds from the mother's estate into the Colleen Edwards Trust. We disagree.

Where, as here, the trial court considers materials outside the challenged pleading, it treats the CR 12(b)(6) motion as a summary judgment motion under CR 56. Mueller v.

Miller, 82 Wn. App. 236, 246, 917 P.2d 604 (1996). We review a summary judgment order de novo. Fulton v. State, Dep't of Soc. & Health Servs., 169 Wn. App. 137, 147, 279 P.3d 500 (2012). We will affirm an order granting summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fulton, 169 Wn. App. at 147; CR 56(c).

A personal representative in a nonintervention probate may close the estate without seeking a decree from the court. RCW 11.68.110(1)(e). The estate is properly closed, and the personal representative is discharged automatically, upon the filing of a declaration of completion unless an heir, devisee, or legatee petitions the court to approve the personal representative's fees or petitions for an accounting within 30 days from the date the declaration is filed. RCW 11.68.110(2); In re Estate of Ardell, 96 Wn. App. 708, 714, 980 P.2d 771 (1999). When the estate is properly closed, the heir loses the ability to challenge the actions of the personal representative, Meryhew v. Gillingham, 77 Wn. App. 752, 753-54, 893 P.2d 692 (1995), and all issues relating to probate become res judicata. Norris v. Norris, 95 Wn.2d 124, 130-31, 622 P.2d 816 (1980). Courts are reluctant to reopen closed estates except in cases of fraud, or when the decree of distribution is void. Pitzer v. Union Bank of California, 141 Wn.2d 539, 551-52, 9 P.3d 805 (2000).

Here, it is undisputed that the estate was properly closed. Mulvihill filed a declaration of completion in October 2008. Edwards did not submit a timely objection prior to the closing of the estate. Further, there is no allegation or evidence of fraud, and no showing that the decree of distribution is void. Edwards's claim of unlawful conversion against Mulvihill in his capacity as personal representative appears to be wholly related

to the administration of the estate. As with her previous lawsuit against Mulvihill, this lawsuit was filed well after 30 days following the filing of the declaration of completion. All issues relating to the probate are res judicata. The trial court properly dismissed the matter on summary judgment.[1]

Edwards challenges the trial court's award of $200 to Mulvihill for statutory attorney fees. Costs awardable to a prevailing party include statutory attorney fees under RCW 4.84.010(6). Statutory attorney fees of $200 were permissible under RCW 4.84.010(6) and .080(1).

Mulvihill seeks attorney fees on appeal pursuant to RAP 18.1 and RCW 4.84.185. RCW 4.84.185 allows an award of attorney fees to a party opposing a frivolous action or defense. "An appeal is frivolous if, considering the entire record, it has so little merit that there is no reasonable possibility of reversal and reasonable minds could not differ about the issues raised." Johnson v. Mermis, 91 Wn. App. 127, 137, 955 P.2d 826 (1998). Although we find Edwards's arguments on appeal to be largely meritless, we decline to hold that the appeal is frivolous or advanced without reasonable cause under RCW 4.84.185.

Affirmed.

Trickey, J

WE CONCUR:

Cox, J.

---

[1] Edwards also maintains that the case was improperly dismissed because Mulvihill failed to comply with discovery rules. She cites neither applicable legal authority nor evidence in the record supporting this contention. Edwards's additional contentions are similarly meritless.