IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

NICOLE GARZA,

                Appellant,

        v.

JUDE BALEY, ASHTON ROBERTS,
and TERRI-JO MCCOY,

                Respondents.

No. 86854-3-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Nicole Garza brought a Trust and Estate Dispute Resolution Act (TEDRA) petition, asking the court to distribute assets to her from a closed probate. A superior court dismissed the matter. We affirm that decision because the doctrine of res judicata bars the petition.

## I.    BACKGROUND

Karen Garza died in August 2018. Karen[1] had three children from her first marriage: Jude Baley, Ashton Roberts, and Terri-Jo McCoy (collectively, Respondents). Nicole was Karen's only child from her second marriage.

---

[1] Because the decedent shares a last name with the appellant, we refer to them using their first names for clarity. We intend no disrespect.

The superior court admitted Karen's last will and testament to probate in September 2018.[2] The will devised Karen's estate to her four children in equal shares, with Nicole's share distributed to her in the form of an annuity. The will nominated Baley as the personal representative. The will also contained a no-contest clause, which read as follows:

> NOTWITHSTANDING THE FOREGOING, the share of any beneficiary who commences legal challenge to the distributive provisions or my nominations serve as Personal Representative set forth herein, such beneficiary's share shall be deemed to have been forfeited and then be subject to administration as if said beneficiary had failed to survive me.

In April 2019, Nicole filed a complaint against the Estate of Karen Garza, asking the court to "compel Defendant(s) to provide comprehensive Inventory and Appraisement to the Estate, a copy of Power of Attorney, a copy of previous Will, a re-appraisal of Estate with an un-biased, non-discriminate, third party Representative and provide Special Notice of Proceedings for Estate." Baley, as personal representative for the estate, moved to dismiss the complaint as untimely filed and requested that the court enter an order declaring Nicole's share of the estate forfeited.

In December 2019, the trial court entered an order dismissing Nicole's complaint with prejudice. The trial court concluded:

> It is this Court's conclusion that allegations in the Complaint that a prior Will existed, that Jude Baley should be removed and replaced by an unbiased third party to administer the estate and that the decedent was unable to exercise sound judgment and that signed the probated Will under undue influence on the basis that she believed her older children would no longer provide for her care if

---

[2] The court deemed the estate solvent and ordered that it be administered without court intervention.

she refused to sign the probated Will constitute grounds for contesting the validity of the probated Will and constitutes a Will Contest under RCW 11.24.010 subject to the limitations required by RCW 11.24.010. The fact that Nicole Garza failed to file her Complaint within the four month limitation requires the Court to dismiss the Complaint with prejudice[.]

Baley filed a declaration of completion of the probate on January 16, 2020, and sent notice to herself (in her capacity as an heir), Roberts, and McCoy. The probate was subsequently closed by operation of law. RCW 11.68.110(2).[3]

Over two years later, in June 2022, Nicole filed a TEDRA petition against Baley, Roberts, and McCoy under a new cause number, requesting the court to order distribution of the annuity described in Karen's will and to reform the will to allow her to receive the annuity as a lump sum. Respondents answered the petition, raising various affirmative defenses and subsequently filed a motion for summary judgment, arguing inter alia that the doctrine of res judicata barred her petition. Nicole responded in part by arguing that her TEDRA action was a supplement to the probate proceedings rather than an attempt to relitigate the same claims. At oral argument, Nicole's counsel averred that her action was "a complicated thing. We have to thread a needle. Because I agree that many of . . .

---

[3] Approximately six months later, on June 8, 2020, Nicole filed a motion in the probate action objecting to the declaration of completion and requesting that the court vacate its December 2019 order dismissing her complaint. Nicole also filed a "supplemental attachment to plaintiff's complaint," asserting that she did not intend to contest the will but only objected to the actions of the personal representative. Respondents later asserted that Nicole abandoned this motion, citing to a declaration apparently submitted by Baley. The parties did not include the declaration in the record on appeal. No other documents included in the record reflect a resolution of Nicole's June 2020 motion. As the motion, however, appears to have no legal effect, and Nicole assigns no error to this omission, we discuss it no further.

the statutes that [the estate's counsel] refers to, she's precluded from chasing those." Nicole also filed a motion for leave to amend her TEDRA petition, seeking to add a complaint for breach of fiduciary duty against Baley.

The trial court granted the motion for summary judgment, dismissed the TEDRA petition with prejudice, denied the motion to amend as moot, and granted attorney's fees to Respondents pursuant to RCW 11.96A.150(1). Nicole appeals.

## II.     ANALYSIS

### A. Whether the Trial Court Erred by Granting Respondents' Motion for Summary Judgment

#### 1.  Standard of Review

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). We view the facts and all reasonable inferences in the light most favorable to the nonmoving party. Id. "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Visser v. Craig, 139 Wn. App. 152, 157, 159 P.3d 453 (2007) (quoting CR 56(c)). "We may affirm a trial court's decision on a motion for summary judgment on any ground supported by the record." Port of Anacortes v. Frontier Indus., Inc., 9 Wn. App. 2d 885, 892, 447 P.3d 215 (2019).

#### 2.  Res Judicata

Under the doctrine of res judicata, a party is barred from relitigating "claims and issues that were litigated, or *might have been litigated*, in a prior action."

4

Pederson v. Potter, 103 Wn. App. 62, 69, 11 P.3d 833 (2000) (emphasis added). Res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" Lynn v. Dep't of Labor & Indus., 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (quoting Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). Whether an action is barred by res judicata is a question of law that we review de novo. Id. at 837.

Our Supreme Court has held that the doctrine applies to a collateral challenge to a judicial order closing an estate. Norris v. Norris, 95 Wn.2d 124, 131, 622 P.2d 816 (1980). That is, an order closing an estate "stands upon the same footing as any other judgment rendered by a court of general jurisdiction" and, thus, precludes those who were parties to the probate proceedings, but "did not raise this claim during probate and did not appeal," from "overthrow[ing] the decree of distribution" through a collateral attack. Id. at 131-32 (quoting Tacoma Sav. & Loan Ass'n v. Nadham, 14 Wn.2d 576, 594, 128 P.2d 982 (1942)) (there, through a quiet title action).

This court's opinion in Gourde v. Gannam, 3 Wn. App. 2d 520, 417 P.3d 650 (2018), provides a helpful illustration of the analysis we must conduct. There, Gourde died in June 2014 and his will was subsequently admitted to probate. Id. at 523. In June 2015, the personal representative filed a declaration of completion of probate. Id. at 524. The sons filed an objection to the declaration, asserting that the deed conveying the real property did not accurately reflect Gourde's intent as expressed in the will. Id. The personal representative then filed a corrected

deed and the sons withdrew their objection.  Id.  One year later, the sons filed a declaratory judgment action against the personal representative of Gourde's estate, challenging the language of the corrected deed.  Id. at 525.

This court held that the declaratory judgment claim was barred by res judicata.  Id. at 526.  First, we determined that the action concerned the same subject matter as the probate proceedings, as both cases implicated the proper interpretation of Gourde's will.  Id. at 529.

Next, we turned to the test set forth in Ensley v. Pitcher, 152 Wn. App. 891, 903, 222 P.3d 99 (2009), to determine whether the two suits involved the same cause of action.  This test examines

> (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Id.  "These factors 'are analytical tools; it is not necessary that all four factors be present to bar the claim.'"  Gourde, 3 Wn. App. 2d at 529 (quoting Ensley, 152 Wn. App. at 903).  We determined that, under this test, the declaratory judgment claim constituted the same cause of action as the probate.  Id. at 530.  If the sons' declaratory judgment action were successful, it could have extinguished the personal representative's property rights granted to her in the probate action.  Id. at 529.  The primary evidence in both actions was Gourde's will and both claims arose out of the language of the will.  Id. at 529.  Although the sons asserted that the causes of action were different because the declaratory judgment claim

6

concerned interpretation of the deed rather than the will itself, we rejected this argument as ignoring the test laid out in Ensley. Id. at 530.

Finally, we determined that both actions involved the same parties, even though probate proceedings do not have "parties" as the term is usually understood. Id. at 530-31. We noted that "[a] probate action in rem may nonetheless act as res judicata upon a later in personam proceeding because 'the distinction between in rem and in personam may be somewhat artificial.'" Id. at 530 (quoting Hadley v. Cowan, 60 Wn. App. 433, 440, 804 P.2d 1271 (1991)). We held that the sons were parties to the probate proceeding for res judicata purposes not only because they received notice of the probate as heirs, but also because an order closing a probate is "binding 'upon all the world.'" Id. at 531 (quoting Ryan v. Plath, 18 Wn.2d 839, 857, 140 P.2d 968 (1943)).

As in Gourde, all of the elements of res judicata are met here. First, the 2022 TEDRA action filed by Nicole concerns the same subject matter as the probate proceedings. This fact is evident by Nicole's complaint, entitled "TEDRA Petition to Enforce Inheritance," in which she asked the court to redistribute the assets of Karen's estate, which had already been distributed at the completion of the probate.

Second, the 2022 TEDRA action asserted the same cause of action as the probate of Karen's estate. Whether a claim constitutes the same cause of action is determined not by how the complainant chooses to characterize their claims, but by the four-factor test set forth in Ensley. Gourde, 3 Wn. App. 2d at 530. All four factors are present here. In the 2022 TEDRA action, Nicole asked the court to

7

redistribute the assets of Karen's estate and to reform the will so that she could receive a lump sum payment. Granting this request would impair the rights of the Respondents, to whom the totality of Karen's estate was distributed. The evidence that would need to be presented in both actions is precisely the same, as both actions depend upon the language of Karen's will and the value of the assets in her estate. Nicole claimed in her 2022 TEDRA petition that her right to receive her portion of the estate was infringed, which is the same assertion she made in her motion objecting to the declaration of completion of the probate. Finally, both suits arise out of the same set of facts; i.e., the interpretation of Karen's will. Nicole's assertion that the two lawsuits do not constitute the same cause of action ignores Ensley and is without merit.

Third, both the 2022 TEDRA action and the probate action involve the same parties, as Nicole concedes in her reply brief.

Fourth, the parties to both proceedings are of the same quality. "For the persons to be 'of the same quality, the parties in the collateral action must be bound by the judgment in the prior proceeding.' " Gourde, 3 Wn. App. 2d at 531 (quoting Martin v. Wilbert, 162 Wn. App. 90, 97, 253 P.3d 108 (2011)). Nicole contends that she is not bound by the closing order in the probate proceedings because she did not receive notice of the declaration of completion. The only authority Nicole cites in support of this proposition is Meryhew v. Gillingham, 77 Wn. App. 752, 893 P.2d 692 (1995). Meryhew does not support her argument.

The plaintiff in Meryhew filed claims against Gillingham, who had acted as both her attorney and as personal representative of her mother's estate. 77 Wn.

App. at 753. The plaintiff argued that Gillingham's discharge as personal representative was "void because he failed to comply with his statutory probate duties." Id. We rejected this argument because closure of the probate and discharge of the personal representative was automatic under RCW 11.68.110(2) when no request for an accounting was made within 30 days of the filing of the declaration of completion.[4] Id. at 753-54.

Here, Nicole did not file a request for an accounting within 30 days of the filing of the declaration of completion. Thus, the probate was automatically closed per RCW 11.68.110(2). Nicole had the opportunity to challenge closure of the probate and, in fact, did so via motion filed in June 2020, making many of the same arguments that she raises in the current action.

Because Nicole's TEDRA petition asserts claims that either were, should, or "might" have been litigated in the probate of Karen's estate, the action is barred by res judicata. Pederson, 103 Wn. App. at 69. In turn, the trial court did not err when it entered summary judgment in favor of Respondents.

B. Whether the Trial Court Erred by Denying Nicole's Motion to Amend

Nicole additionally asserts that the trial court erred by denying her motion for leave to amend her TEDRA petition to add a claim of breach of fiduciary duty. We review a trial court's decision denying leave to amend a complaint for abuse of discretion. Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 142, 937 P.2d 154 (1997). A court may deny a motion for leave to amend where the proposed

---

[4] Although we noted that the plaintiff had received notice of the declaration of completion, this was not germane to our holding. Meryhew, 77 Wn. App. at 754.

9

amendment would be futile. Id. An amendment is futile where there is no possible evidence that would support the new allegations or claims. Nakata v. Blue Bird, Inc., 146 Wn. App. 267, 279, 191 P.3d 900 (2008).

Nicole's proposed amended TEDRA petition did not add any additional factual allegations, but merely added a cause of action for breach of fiduciary duty against Baley.[5] This additional claim is similarly barred by res judicata because it arises out of Baley's actions as personal representative of Karen's estate and should have been asserted in the probate action. See Martin, 162 Wn. App. at 95-97 (claims of wrongdoing by personal representative asserted after closure of probate barred by res judicata). Accordingly, the proposed amendment was futile and the trial court did not err by denying leave to amend.

C. Attorney Fees on Appeal

Respondents request an award of attorney fees on appeal under to RCW 11.96A.150(1). RAP 18.1 allows us to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. Under RCW 11.96A.150, a court has discretion to award fees and other costs to any party in an estate dispute proceeding governed by Title 11 RCW. "In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but

---

[5] In addition to the new cause of action, the proposed amended complaint adds a paragraph which alleges that "Under RCW 11.68.070, Personal Representative, Jude Baley, has: (a) Breached a fiduciary duty; (b) Exceeded the Personal Representative's authority; (c) Abused the Personal Representative's discretion in exercising a power; (d) Otherwise failed to execute the trust faithfully; and (e) Violated a statute or common law affecting the estate." These are legal conclusions, not factual allegations.

need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1).

Other than citation to some of the foregoing authorities, Respondents present no argument as to why attorney fees are warranted in this matter and simply state they request such an award.  See Blueberry Place Homeowner's Ass'n v. Northward Homes, Inc., 126 Wn. App. 352, 363 n.12, 110 P.3d 1145 (2005) ("The party requesting fees on appeal is required by RAP 18.1(b) to *argue the issue* and provide citation to authority in order to advise the court as to the appropriate grounds for an award of attorneys' fees and costs.") (emphasis added). Accordingly, we decline to award fees to the Respondents.

### III.    CONCLUSION

Because res judicata bars Nicole's TEDRA petition, we affirm the trial court's order dismissal of the petition and denial of the motion to amend the complaint.  We decline the Respondents' request for attorney fees.

_____
Díaz, J.

WE CONCUR:

_____          _____

11